

# NUMBER 13-19-00602-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ELOY VELA JR.,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                  **Appellee.**

## On appeal from the 347th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Eloy Vela Jr. appeals a judgment revoking his community supervision and adjudicating him guilty of three counts of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). On November 21, 2019, at

the hearing on the State's motion to revoke community supervision,[1] Vela pleaded true to the allegations in the motion, the trial court adjudicated him guilty and revoked his community supervision, and sentenced him to fifty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See id*. at § 12.32. Vela's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Vela's appellate counsel has filed a motion to withdraw and a brief in support in which he states that he has throughly reviewed the entire record and has found no non-frivolous issues. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406–07 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Vela's counsel carefully discussed why, under controlling authority, there is no reversible error

---

[1] A review of the clerk's record and reporter's record shows this is the second motion to revoke community supervision filed by the State against Vela.

in the trial court's judgment.[2] Vela's counsel also informed this Court that he has: (1) notified Vela that he has filed an *Anders* brief and a motion to withdraw, and that he provided Vela with copies of both; (2) informed Vela of his right to file a pro se response, to review the record preparatory to filing that response, and to seek review from the Texas Court of Criminal Appeals if we conclude that the appeal is frivolous; (3) provided Vela with a form motion for pro se access to the appellate record, prepared for Vela's signature with this Court's address provided and instruction to file the motion within ten days; and (4) informed Vela he has thirty days to file a pro se response to appellate counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Vela filed a motion for access to the appellate record, and he has been provided access to the appellate record. On September 17, 2020, Vela filed a letter with this Court, in which Vela urges that the trial court's sentence of fifty years constituted cruel and unusual punishment. The State did not file a reply.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Stafford*, 813 S.W.2d at 511.

We have reviewed the record, counsel's brief, and Vela's pro se response, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex.

---

[2] Counsel informed us that he specifically considered: (1) whether the trial court abused its discretion when it revoked Vela's community supervision; (2) whether a meritorious claim exists relating to the imposition or proportionality of punishment in this case; and (3) whether Vela's trial counsel provided ineffective assistance. Counsel concluded that none of these issues were meritorious.

3

Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Vela's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to Vela and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should Vela wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
29th day of July, 2021.